IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 |
| | ) | |
| Deborah Y. Edwards, | ) | |
| | ) | Case No. 14 B 13263 |
| Debtor. | ) | |
| | ) | |
| | ) | Judge Carol A. Doyle |
| Deborah Y. Edwards, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 15 A 00384 |
| | ) | |
| LVNV Funding, LLC and | ) | |
| Resurgent Capital Services, LP | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Deborah Edwards, a chapter 13 debtor, filed an adversary complaint against LVNV Funding, LLC and Resurgent Capital Services, LP. She alleges that they violated provisions of the Fair Debt Collections Practices Act ("FDCPA") by filing proofs of claim to collect debts that are barred by the statute of limitations. Both defendants moved to dismiss the remaining two counts of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing primarily that filing a time-barred proof of claim in a bankruptcy case does not violate the FDCPA as a matter of law. The court disagrees and will deny the motion to dismiss the claim in Count I for violation of the FDCPA. Count II, however, which alleges a claim for "Fraud on the Court," will be dismissed.

1

1.      Jurisdiction

The court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b), which confers jurisdiction over matters arising under title 11, arising in a case under title 11, and related to a case under title 11. This proceeding does not arise in or under title 11 but it is related to Edwards' bankruptcy case because resolution of the claims could affect the amount of property available for distribution to creditors. *See In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987); *Murff v. LVNV Funding, LLC (In re Murff)*, 2015 WL 3690994 at *1 (Bankr. N.D. Ill. June 15, 2015); *Avalos v. LVNV Funding, LLC (In re Avalos)*, 531 B.R. 748, 750 (Bankr. N.D. Ill. 2015); *LaGrone v. LVNV Funding, LLC (In re LaGrone)*, 525 B.R. 419, 425 (Bankr. N.D. Ill. 2015). Under 28 U.S.C. § 157(c), a bankruptcy court hearing a related proceeding proposes findings of fact and conclusions of law to the district court, which must enter any final judgment. Ruling on this motion to dismiss will not result in entry of a final judgment, however, so the court may decide it without making proposed findings to the district court.

2.      Facts and Background

The complaint alleges that LVNV and Resurgent filed proofs of claim in Edwards' chapter 13 case to collect on debts that are barred by the applicable statute of limitations under Illinois law. In Count I, Edwards alleges that filing the unenforceable proofs of claim violated §§ 1692e and 1692f of the FDCPA, 15 U.S.C. § 1692e, f. Section 1692e prohibits debt collectors from using false, deceptive, or misleading representations to collect a debt, including false representations about the amount or legal status of a debt. Section 1692f prohibits the use

of unfair or unconscionable means to collect or attempt to collect a debt. Edwards alleges that the defendants violated both provisions of the FDCPA because they misrepresented the legal status of the unenforceable debts and they used deceptive, unfair, unconscionable, and misleading means to collect the debts.

In Count II, Edwards alleges a claim entitled "Fraud on the Court." She states that, by filing stale proofs of claim, the defendants violated two criminal statutes that prohibit a person from knowingly and fraudulently making false statements in a bankruptcy case. 18 U.S.C. §§ 152, 3571. Edwards also alleges that the court has authority under section 105(a) of the Bankruptcy Code and Rule 9011 of the Federal Rules of Bankruptcy Procedure to impose sanctions for filing the stale claims. Count III alleges an objection to the proofs of claim, but Edwards withdrew this count.

The defendants move to dismiss Counts I and II for failure to state a claim. Although their arguments are not clearly delineated, they make three principal arguments: (1) the FDCPA does not apply in bankruptcy cases; (2) filing a proof of claim is not an action to collect a debt so it does not fall under the prohibitions of the FDCPA; and (3) filing a proof of claim that is barred by the statute of limitations does not violate the FDCPA as a matter of law. None of these arguments has merit.

3.   <u>Standard on Motion to Dismiss</u>

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Geinosky v. City of Chicago*, 675 F.3d 743, 746 (7th Cir. 2012). A court reviews the allegations to determine

whether the complaint states a "plausible" claim for relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

The facts alleged in the complaint are straightforward. The defendants are debt collectors as that term is defined in the FDCPA. LVNV purchases distressed debt portfolios from banks, consumer finance companies, and other consumer creditors. Resurgent services the debt purchased by LVNV, including by filing proofs of claim in bankruptcy cases. The defendants filed three proofs of claim in Edwards' bankruptcy case. Each proof of claim is based on a consumer credit card debt that was charged off more than five years before Edwards filed her bankruptcy petition and is therefore unenforceable under Illinois' five-year statute of limitations for credit card accounts. Edwards does not dispute the accuracy of the content of the proofs of claim, and the defendants do not dispute that the Illinois statute of limitations bars their claims.

4.    The Bankruptcy Code and the FDCPA:  Repeal by Implication

First, the defendants argue that the FDCPA and the Bankruptcy Code are in "inextricable conflict" and that the Bankruptcy Code precludes application of the FDCPA in bankruptcy cases. They cite *In re Chaussee*, 399 B.R. 225 (B.A.P. 9th Cir. 2008), which relies on *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002). The defendants fail to acknowledge, however, that the Seventh Circuit Court of Appeals has rejected this argument and concluded that the provisions of the FDCPA and the Bankruptcy Code are not in irreconcilable conflict but instead can be enforced simultaneously. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 733 (7th Cir. 2004) ("To the extent that *Walls* holds otherwise, we do not follow it"). There is no irreconcilable conflict that prevents courts from enforcing both the FDCPA and the Bankruptcy

Code with regard to stale claims. *See LaGrone*, 525 B.R. at 424.

5.     Filing a Proof of Claim is Debt Collection

Second, the defendants argue that filing a proof of claim is not an action to collect a debt and, therefore, is not prohibited by the FDCPA. They contend that filing a proof of claim is merely a response to Congress' "invitation" in § 501(a) of the Bankruptcy Code, 11 U.S.C. § 501(a), to file a claim that "informs the court" of the right to payment. These euphemisms cannot disguise the undeniable reality that a creditor files a proof of claim to get paid on the debt. As many courts have held, filing a proof of claim is an action to collect a debt for purposes of the FDCPA. *See, e.g., Crawford v. LVNV Funding LLC,* 758 F.3d 1254 (11th Cir. 2014); *Murff*, 2015 WL 3690994 at *4; *Avalos*, 531 B.R. at 753; *LaGrone*, 525 B.R. at 425; *Dunaway v. LVNV Capital Funding, et al.*, 531 B.R. 267, 270-71 (Bankr. W.D. Mo. 2015).

6.     Stale Proofs of Claim and the FDCPA: Is Bankruptcy Different?

Finally, the defendants argue that filing a proof of claim for a time-barred debt does not violate the FDCPA as a matter of law. They contend that their proofs of claim show the timing of payment and collection activities and, therefore, are not misleading and do not otherwise violate the FDCPA.

Federal courts across the country are divided on whether filing a proof of claim to collect on a debt that is unenforceable under the applicable statute of limitations violates §§ 1692e and 1692f of the FDCPA. The Seventh Circuit has held that a creditor who sues a debtor outside of bankruptcy on a stale claim violates the FDCPA. In *Phillips v. Asset Acceptance, LLC*, 736 F.3d

1076 (7th Cir. 2013), the court held that a debt collector that filed a collection lawsuit after the statute of limitations expired violated the FDCPA. The court cited three reasons for its holding: (1) "the passage of time not only dulls the consumer's memory of the circumstances and validity of the debt, but heightens the probability that she will no longer have personal records detailing the status of the debt;" (2) unsophisticated consumers would not be aware that a statute of limitations could be used as a defense; and (3) even if the consumer knows about the statute of limitations, she might acquiesce to avoid spending resources and subjecting herself to the embarrassment of court proceedings. *Id*. at 1079 (quoting *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1487 (M.D. Ala. 1987)). The Seventh Circuit reiterated this conclusion in *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014), in which it extended the *Phillips* holding to dunning letters that might mislead an unsophisticated consumer.

The Seventh Circuit has not yet addressed the issue in this case: whether filing a proof of claim in bankruptcy to collect on an unenforceable debt violates the FDCPA. Trial courts in this circuit are split on the issue. Some courts have held that asserting a time-barred claim in a bankruptcy case does not violate the FDCPA as a matter of law. *See, e.g., Murff*, 2015 WL 3690994; *Birtchman v. LVNV Funding, LLC*, 2015 WL 1825970 (S.D. Ind. April 22, 2015); *Owens v. LVNV Funding, LLC*, 2015 WL 1826005 (S.D. Ind. April 21, 2015); *Donaldson v. LVNV Funding, LLC*, 2015 WL 1539607 (S.D. Ind. April 7, 2015); *Tia Robinson v. eCast Settlement Corp.*, 2015 WL 494626 (N.D. Ill. February 3, 2015); *LaGrone*, 525 B.R. 419. Other courts have concluded that filing a stale proof of claim can violate the FDCPA. *See, e.g., Avalos*, 531 B.R. 748; *Taylor v. Galaxy Asset Purchasing, LLC*, 2015 WL 3645668 (N.D. Ill. June 11, 2015); *Taylor v. Midland Funding, LLC*, 2015 WL 1456442 (N.D. Ill. March 20, 2015);

*Patrick v. Worldwide Asset Purchasing II, LLC*, 2015 WL 627376 (S.D. Ind. February 13, 2015); *Grandidier v. Quantum3 Group, LLC*, 2014 WL 6908482 (S.D. Ind. December 8, 2014); *Patrick v. Pyod, LLC*, 39 F.Supp. 3d 1032 (S.D. Ind. 2014).[1]

The question boils down to whether filing a proof of claim in a bankruptcy case is different enough from filing a collection lawsuit to make the holding in *Phillips* inapplicable. This court's answer is no.

A.    Similarities

The similarities between filing a collection lawsuit outside of bankruptcy and filing a proof of claim in a bankruptcy case are strong enough that *Phillips* is controlling. In both forums, the creditor invokes the process of a court to seek payment on an unenforeable debt. While the processes are somewhat different, the fundamentals are the same. The creditor files a document with the court that asserts a right to payment and seeks to employ the process of the court to get paid. In a collection lawsuit, the process includes filing a complaint asserting a right to payment, serving process, seeking a default judgment if there is no answer (as is typical) or otherwise getting a judgment entered, and collecting on the debt through post-judgment collection proceedings. In bankruptcy court, the creditor files a proof of claim asserting a right to payment. That proof of claim is allowed unless and until a debtor, a trustee, or another creditor objects to the claim. 11 U.S.C. § 502. If no one objects, the claim will be paid from any

---

[1] The Circuit Courts of Appeal that have ruled on this issue are also divided. *See Crawford*, 758 F.3d at 1261 (filing a proof of claim on a time-barred debt violates §§ 1692e and 1692f); *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2nd Cir. 2010) (filing a proof of claim cannot form the basis for a FDCPA claim).

assets available in the bankruptcy estate.

The goal of the creditor in both situations is to invoke the process of the court to be paid on a claim when it is not entitled to payment. The essential allegations made in both forums are the same - that the debtor owes the creditor money that he has not paid. The statute of limitations is a complete defense to liability in both forums, but it must be raised as an affirmative matter - as an affirmative defense in a collection lawsuit, and by filing an objection to claim specifically raising the defense as a basis for disallowance in bankruptcy. If the defense is not affirmatively raised in either forum, the creditor will be able to use court processes to be paid on the unenforceable debt. Thus, the essential elements of the collection process are the same in both forums and, as discussed below, there is no difference between the processes that justifies rejecting *Phillips* in the bankruptcy context.

B.  Potential Differences

Courts in this circuit reaching the opposite conclusion have relied on perceived differences between the bankruptcy system and the non-bankruptcy court systems to justify rejecting the *Phillips* holding. These courts have offered four justifications for deviating from *Phillips* in the bankruptcy context. None is persuasive.

First, some courts have observed that trustees in bankruptcy police the system and should object to stale claims, obviating the need for the protections of the FDCPA. *See, e.g., LaGrone*, 525 B.R. 419, 421; *Murff*, 2015 WL 3690994. Trustees are indeed charged with the duty to object to improper claims in chapter 13 cases under §§ 1302(b)(1) and 704(b)(5). In districts

like this with a large number of chapter 13 cases,[2] however, trustees typically object to claims only if they are filed after the claims bar date or improperly seek priority treatment, i.e., the easiest-to-detect bases for disallowance. Chapter 13 trustees in this district do not object to proofs of claim based on statute of limitations defenses. This is not surprising because objecting to claims based on affirmative defenses would require trustees to examine the details of virtually every unsecured proof of claim, which is simply impracticable. If trustees were in fact objecting to every stale claim in this district and across the country, the business of buying stale claims and filing proofs of claim in bankruptcy to collect on them would not be profitable and the practice would likely have ended shortly after it began. Instead, it appears to be a big and prosperous business. *See* Jake Halpern, *Paper Boys: Inside the Dark, Labyrinthine and Extremely Lucrative World of Consumer Debt Collection*, N.Y. Times, August 17, 2014, Magazine. The most likely explanation is that the unenforceable claims are in fact getting paid despite the statutory duties of chapter 13 trustees.

Second, courts holding that *Phillips* does not apply to proofs of claim filed in bankruptcy cases have concluded that debtors in bankruptcy have "much less at stake" than a defendant facing a judgment in state court. *See, e.g., LaGrone*, 525 B.R. at 426-27. They reason that a proof of claim does not result in collection from the debtor personally, but instead seeks a share in total payments available to all of the debtor's creditors. This is correct in a typical chapter 7 case, in which creditors are paid from the assets in the bankruptcy estate, which is generally limited to assets owned by the debtor on the petition date and does not include the debtor's post-petition earnings. In chapter 13, however, claims are almost always paid from the debtor's post-

---

[2] In 2014, 19,170 chapter 13 cases were filed in this district.

petition earnings. Thus, real money from the debtor's post-petition income for a period of three to five years is used to pay creditors who file proofs of claim, including creditors like the defendants who routinely file claims that are unenforceable.

While it is true, as the *LaGrone* court noted, that some chapter 13 plans simply pay unsecured creditors a certain amount of the debtor's income, most plans in this district provide for payment of a specified minimum percentage of unsecured claims. Thus, the total amount of allowed unsecured claims directly affects the minimum amount that a debtor must pay to complete his plan. And in many chapter 13 cases, the best interests of creditors test in § 1325(a)(4) and other provisions require debtors to pay a significant percentage, up to 100%, of all unsecured debt. Thus, each allowed unsecured proof of claim can and often does have a real impact on the amount that a debtor must pay under his plan from his post-petition income.

Third, courts distinguishing *Phillips* reason that a debtor would likely have to hire a lawyer to defend himself in a lawsuit, whereas many debtors in bankruptcy are represented by counsel who can advise them about the statute of limitations defense and file an objection to a stale proof of claim. While many chapter 13 debtors have counsel, some counsel are less diligent than others, and a significant number of debtors represent themselves in chapter 13 (10% according to the statistics cited in *LaGrone*). These *pro se* debtors are not likely to understand how to examine the claims register, evaluate a statute of limitations defense, and properly file and serve a claim objection.

Finally, the *LaGrone* court stated that it would be easier and less embarrassing for a *pro se* debtor to file a claim objection in bankruptcy than to raise this defense in a lawsuit outside of bankruptcy. *LaGrone*, 525 B.R. at 427. This court disagrees. For *pro se* debtors who are not

familiar with the legal system or the peculiarities of bankruptcy law and procedure, filing a viable objection to a claim could be very daunting. The undersigned cannot recall a single *pro se* debtor who has managed this feat in 16 years on the bench.

And in at least one respect, the bankruptcy process is more onerous for a debtor than collection litigation because a proof of claim has a presumption of validity that is not afforded to a complaint outside of bankruptcy. In bankruptcy, if a debtor takes no action to object to a claim, it is allowed and will be paid automatically, without further action by the creditor, if estate assets are available to pay claims. 11 U.S.C. § 502(a). Outside of bankruptcy, even if a defendant fails to answer a complaint, the creditor must file a motion for a default judgment, prove up damages to obtain a judgment, and then undertake collection activities to get paid on the judgment. Thus, the process in bankruptcy is easier than collection litigation for *creditors*, not for debtors, which probably explains why some debt buyers affirmatively seek to purchase claims of debtors in bankruptcy. There is no basis for concluding that it is easier or less embarrassing for a *pro se* debtor to challenge a proof of claim in bankruptcy than it is to defend a collection lawsuit outside of bankruptcy. Instead, all the concerns raised in *Phillips* - including the effects of the passage of time and the likelihood that the unsophisticated consumer would not know to assert a statute of limitations defense - are present in bankruptcy cases. *See Crawford,* 758 F.3d at 1259-60 (concluding that the *Phillips* rationale applies in bankruptcy).

None of the four principal rationales relied on in *LaGrone* and other decisions, alone or together, provides sufficient grounds for distinguishing *Phillips* and concluding that filing an unenforceable claim in bankruptcy does not violate the FDCPA. There is no significant difference between filing a collection action in state court and filing a proof of claim in

bankruptcy court that matters for purposes of §§ 1692e and 1692f of the FDCPA.  The holding in *Phillips* therefore controls, and the motion to dismiss Count I must be denied.

7.    Claim for "Fraud on the Court"

Count II of the complaint is entitled "Fraud on the Court" and contains an odd assortment of allegations that do not state a claim upon which relief can be granted.  The complaint first refers to two criminal statutes: 18 U.S.C. §§ 152 and 3571.  There is no private right of action available under either provision.  *See In re Martin*, 387 B.R. 307, 313 (Bankr. S.D. Ga. 2007); *Heavrin v. Boeing Capital Corp.*, 246 F. Supp. 2d 728, 731 (W.D. Ky. 2003) *aff'd sub nom. Heavrin v. Nelson*, 384 F.3d 199 (6th Cir. 2004).  These statutes provide no basis for imposing sanctions on the defendants.

The complaint also seeks relief under Rule 9011 of the Federal Rules of Bankruptcy Procedure.  Edwards alleges that the defendants should be sanctioned for filing claims that lacked a basis in law and fact.  These allegations also fail to state a claim.  Rule 9011(c) permits a court to impose sanctions against a party who violates Rule 9011(b) by filing a document containing factual or legal contentions that are not well grounded in fact or law.  Fed. R. Bankr. P 9011(b), (c).  Rule 9011(c) specifically provides that a party seeking sanctions must file a motion that "shall be made separately from other motions and requests." Fed. R. Bankr. P 9011(c)(1)(A).  Before filing such a motion, the party seeking sanctions must comply with the safe harbor provision in Rule 9011(c)(1)(A), which requires 21 days notice to the party who filed the challenged document, who can then withdraw or correct the document.  Thus, the proper procedure for pursuing sanctions for violation of Rule 9011 is to comply with the safe harbor

provision and then file a separate motion, not an adversary proceeding. The court also notes that, given the split of authority in this circuit and elsewhere discussed above, there is no basis for sanctioning the defendants for filing their proofs of claim in this case in any event.

For all of these reasons, Count II fails to state a claim upon which relief can be granted so it will be dismissed.

8. Conclusion

The motion to dismiss the claims in Count I under the FDCPA will be denied. The motion to dismiss the claim in Count II for "Fraud on the Court" will be granted.

Dated:    October 6, 2015

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge